UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X     Index No.:
RICARDO PIJOOS,

                              Plaintiff,                                **COMPLAINT**

         -against-

   M&T BANK CORPORATION,                                    Plaintiff Demands a
                                                              Trial By Jury
                              Defendant.
----------------------------------------------------------------X


Plaintiff, Ricardo Pijoos, by and through his attorneys, Phillips & Associates, PLLC, hereby

complains of the Defendant, upon information and belief, as follows:


## NATURE OF THE CASE

1.   Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

     §2000e et. seq. ("Title VII") and to remedy violations of the New York Executive Law, based

     upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and

     28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of

     being discriminated against by the Defendant on the basis of his national origin, together with

     failure to hire.


## JURISDICTION AND VENUE

2.   The Court has jurisdiction pursuant to 42 U.S.C. §2000e et. seq.; 28 U.S.C. §1331 and §1343

     and supplemental jurisdiction thereto.

3.   This action involves a Question of Federal Law.

4. The Court also has jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the Western District of the State of New York.  28 U.S.C. §1391(b).

6. On or about November 4, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On or about August 26, 2019, the EEOC issued a probable cause finding that Defendant M&T BANK CORPORATION engaged in unlawful discriminatory practices against Plaintiff.

8. On or about October 12, 2019, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

9. This action is being brought within ninety (90) days of said Notice of Right to Sue letter.

## **PARTIES**

10. Plaintiff is a male of South African descent, and resident of the State of Chicago, Cook County.

11. At all times material, Defendant M&T BANK CORPORATION (hereinafter "M&T BANK" or "Defendant") was and is a domestic business corporation company duly incorporated under the laws of the State of New York.

12. At all times material, Defendant M&T BANK was and is a national banking corporation with headquarters located at One M&T Plaza Buffalo, NY 14203.

13. At all times material, Plaintiff was a prospective employee of Defendant M&T BANK.

## MATERIAL FACTS

14. In or around August 2018, Plaintiff applied online for a "Mainframe Team Leader" position with Defendant M&T BANK through ComputerPeople Staffing Solutions ("ComputerPeople"), a Buffalo-based employment agency that specializes in the recruitment and placement of information technology professionals.

15. Thereafter, ComputerPeople's Recruiter, Brook Delucia, contacted Plaintiff regarding his employment application. Ms. Delucia informed Plaintiff that the primary responsibilities of the Mainframe Team Leader position consisted of monitoring, diagnosing, and resolving mainframe computer operation problems for Defendant M&T BANK.

16. Plaintiff was well qualified for this position, having nearly two decades of experience working as a Mainframe Team Leader for the the Hong Kong and Shanghai Banking Corporation ("HSBC Bank"). During his tenure with HSBC Bank, Plaintiff became highly skilled and proficient in computer systems analysis, programming, and software engineering.

17. Plaintiff was very interested in the position with Defendant M&T BANK and believed his experience working for another prominent banking institution made him an attractive candidate for the position.

18. At all times material, Defendant M&T BANK utilized a third-party staffing agency, GlobalQuest Staffing Solutions Inc. ("GlobalQuest") to carry out its screening and selection process for potential hires.

19. During Plaintiff's application process, GlobalQuest served as an intermediary and liaison between Plaintiff, Ms. Delucia, and Defendant M&T BANK.

20.   On or about October 5, 2018, GlobalQuest's Human Resources Manager, Angelica James, contacted Ms. Delucia and scheduled a phone interview for Plaintiff to speak with Defendant M&T BANK's Manager, Lisa Seymour.

21.   On or about October 9, 2018, Ms. Seymour conducted a telephone interview of Plaintiff. During the interview, Ms. Seymour questioned Plaintiff about his past work experience and interest in the position.  Plaintiff performed well during the interview, elaborating on his qualifications and familiarity with bank mainframe systems.

22.   Plaintiff is of South African origin and speaks with an accent. Notwithstanding, Plaintiff possesses a strong command of the English language and is a very effective communicator.

23.   Despite Plaintiff's qualifications, on or about October 15, 2018, Ms. Delucia sent Plaintiff an email stating:

> "GlobalQuest informed me that [Ms. Seymour] will not be moving forward with you.  **Unfortunately, she struggled with your accent and was concerned that your communication skills would be an issu**e.  I was really surprised to hear that as I have never had any trouble understanding you.  I'm so sorry about that!"

24.   At no point during Plaintiff's telephone interview did Ms. Seymour indicate she was having trouble understanding Plaintiff or ask him to repeat himself.

25.   On or about October 15, 2018, Defendant M&T BANK failed to hire Plaintiff for the Mainframe Team Leader position because of his national origin and accent.

26.   Plaintiff was highly qualified for the position and would have received the position but for his national origin/accent.

27.   As a result of Defendant's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

28.    As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

29.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

30.    As Defendant's conduct has been malicious, willful, outrageous, and conduct with full knowledge of the law, Plaintiff demands punitive damages.


**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII**
**DISCRIMINATION**

31.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

32.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendant.  Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's national origin.

33.    Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff because of his national, together with failure to hire.

## AS A SECOND CAUSE OF ACTION
## UNDER NEW YORK STATE LAW
## <u>DISCRIMINATION</u>

34.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

35.    Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

36.    Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff on the basis his national origin, together with failure to hire.

37.    Plaintiff hereby makes a claim against Defendant under all applicable paragraphs of Executive Law §296.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.    Declaring that the Defendant engaged in unlawful employment practices prohibited by Title VII and the New York Executive Law; and that the Defendant discriminated against Plaintiff on the basis of his national origin, together with failure to hire.

B.    Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay, and front pay, resulting from Defendant's unlawful employment practices;

C.    Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to reputation;

D.    Awarding Plaintiff punitive damages;

6

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  New York, New York
        December 31, 2019

                    **PHILLIPS & ASSOCIATES, PLLC**
                    **ATTORNEYS AT LAW**

                    By:  /s/ Steven Fingerhut
                         Steven Fingerhut, Esq.
                         *Attorneys for Plaintiff*
                         45 Broadway, Suite 620
                         New York, NY 10004
                         Tel: 212-248-7431
                         Fax: 212-901-2107